# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

| | |
|---|---|
| **In re:** | **Case Number: 19-31049** |
| **Linda M. Thunberg,** | **Chapter 7** |
| **Debtor.** | |
| **A. Cotten Wright,** | |
| **Trustee for Linda M. Thunberg,** | **Adversary Proceeding No. 19-03055** |
| **Plaintiff,** | |
| **v.** | |
| **Gary Brett Dobson,** | |
| **Defendant.** | |

## **PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM**

A. Cotten Wright, the chapter 7 bankruptcy trustee for Linda M. Thunberg and plaintiff ("Plaintiff") in this adversary proceeding (the "AP"), by and through counsel, hereby responds and answers the Counterclaim asserted by defendant Gary Brett Dobson ("Dobson") and states as follows:

## **INTRODUCTION**

The above-named debtor, Linda M. Thunberg (the "Debtor"), filed a voluntary petition for relief pursuant to chapter 7 of the Bankruptcy Code on July 31, 2019 (the "Petition Date"). Plaintiff, in her capacity as the duly appointed chapter 7 trustee for the Debtor, filed her *Complaint* against Dobson on September 12, 2019 asserting causes of action for a declaratory judgment and for the sale of property titled jointly between the Debtor and Dobson (the "Complaint"). (AP DE

1

1 at 7-8). As alternative relief, the Plaintiff requested authority to sell the real property titled solely to the Debtor in which Dobson has alleged he holds an interest. (*Id*. at 7).

On September 27, 2019, Dobson filed his *Answer* to the Complaint ("Defendant's Answer"), including in that pleading his Counterclaim Against Estate (the "Counterclaim"). (AP DE 6).

On October 4, 2019, Dobson filed his *3rd Party Complaint* naming the Debtor as the defendant. (AP DE 7).

Through this *Plaintiff's Answer to Defendant's Counterclaim* (this "Answer"), Plaintiff responds to Dobson's factual allegations and his Counterclaim asserted in the Answer.

## ANSWER TO COUNTERCLAIM

Plaintiff's Answer is as follows:[1]

(1)     Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (1), and the same are therefore denied.

(2)     Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (2), and the same are therefore denied.

(3)     Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (3), and the same are therefore denied.

(4)     Plaintiff admits that the title (the "Title") to the Sea Ray 280 (the "Boat") reflects that it is jointly titled to Dobson and the Debtor. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph (4), and the same are therefore denied. Except as admitted, the allegations of paragraph (4) are denied.

(5)     The allegations of paragraph (5) are admitted on information and belief.

---

[1] The allegations set forth in Defendant's Answer appear at pages 7-37 numbered as paragraphs (1)-(57).

(6) Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (6), and the same are therefore denied.

(7) Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (7), and the same are therefore denied.

(8) Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (8), and the same are therefore denied.

(9) Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (9), and the same are therefore denied.

(10) Admitted that title to the real property described as Lot 159, Section 5, Oxford Place, Parcel Identifier No. R06615-016-015-000, commonly known as 3213 Barlow Court, Wilmington, NC 28409 (the "Real Property") was transferred to the Debtor by K.S. Catlett, Jr. and wife, Christine Catlett, in a General Warranty Deed (the "Deed")[2] that was recorded on June 25, 2015 in the New Hanover County land records at Book 5899, Pages 1248-1251, Instrument #2015019036. Admitted that the Deed states an excise tax of $704.00, indicating a purchase price of $352,000.00 (the "Purchase Price"). Admitted that the Deed does not indicate that Dobson holds any interest in the Real Property. Denied that an Exhibit 1 was attached to Defendant's Answer. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph (10), and the same are therefore denied. Except as admitted, the allegations of paragraph (10) are denied.

(11) Admitted that Dobson has been on notice at all times since June 25, 2015 that title to the Real Property is held in the Debtor's sole name. Admitted on information and belief that Dobson and the Debtor were divorced pursuant to a Judgement of Divorce entered by the New

---

[2] A copy of the Deed appears as an exhibit to the Complaint.

3

Hanover County District Court on May 10, 2019, a date that was nearly four years after the Debtor took title to the Real Property in her sole name. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph (11), and the same are therefore denied. Except as admitted, the allegations of paragraph (11) are denied.

(12)    Admitted on information and belief that Dobson has lived at the Real Property since the Deed was issued to the Debtor in her sole name. Admitted on information and belief that Dobson currently resides at the Real Property. Admitted that Dobson has been on notice at all times since June 25, 2015 that title to the Real Property is held in the Debtor's sole name. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph (12), and the same are therefore denied. Except as admitted, the allegations of paragraph (12) are denied.

(13)    Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (13), and the same are therefore denied.

(14)    Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (14), and the same are therefore denied.

(15)    Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (15), and the same are therefore denied.

(16)    Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (16), and the same are therefore denied.

(17)    Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (17), and the same are therefore denied.

(18)    Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (18), and the same are therefore denied.

(19) Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (19), and the same are therefore denied.

(20) Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (20), and the same are therefore denied.

(21) Plaintiff lacks knowledge or information sufficient to form a belief as to the identity of the person referenced as "me" in paragraph (21), and any allegations as to "me" are therefore denied. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph (21), and the same are therefore denied.

(22) Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (22), and the same are therefore denied.

(23) Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (23), and the same are therefore denied.

(24) Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (24), and the same are therefore denied.

(25) Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (25), and the same are therefore denied.

(26) Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (26), and the same are therefore denied.

(27) Plaintiff admits, on information and belief, that the reference to "Linda" in paragraph (27) is to the Debtor. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph (27), and the same are therefore denied. Except as admitted, the allegations of paragraph (27) are denied.

(28) Plaintiff admits, on information and belief, that the reference to "Linda" in

paragraph (28) is to the Debtor. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph (28), and the same are therefore denied. Except as admitted, the allegations of paragraph (28) are denied.

(29)    Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (29), and the same are therefore denied.

(30)    Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (30), and the same are therefore denied.

(31)    Plaintiff admits, on information and belief, that the Debtor initiated a proceeding for absolute divorce and that Dobson claimed a right to equitable distribution. Admitted that the Debtor filed a voluntary petition for relief pursuant to chapter 7 of the United States Bankruptcy Code on July 31, 2019. Denied that the law in North Carolina would declare the Real Property and the Boat as belonging to Dobson. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph (31), and the same are therefore denied. Except as admitted, the allegations of paragraph (31) are denied.

(32)    Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (32), and the same are therefore denied.

(33)    Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (33), and the same are therefore denied.

(34)    Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (34), and the same are therefore denied.

(35)    Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (35), and the same are therefore denied.

(36)    To the extent that paragraph (36) contains legal conclusions, no response is

required. To the extent that a response is required, Plaintiff denies that N.C. Gen. Stat. § 50-20(b)(2) creates a property right. Plaintiff admits that, despite having been on notice at all times since June 25, 2015 that the Real Property was titled to the Debtor, Dobson did not file a *lis pendens* with the New Hanover County Register of Deeds as to any interest he might claim in the Real Property. Admitted that there is no indication in the public record that Dobson asserts an interest in the Boat that is different from that set out in the Title. Plaintiff admits that the Debtor held both legal title and an equitable interest in the Boat and the Real Property as of the Petition Date, with such interests becoming property of the Debtor's bankruptcy estate. Plaintiff denies that the Boat and the Real Property are Dobson's separate property. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph (36), and the same are therefore denied. Except as admitted, the allegations of paragraph (36) are denied.

(37)    Admitted that Dobson filed his *3rd Party Complaint* on October 4, 2019. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph (37), and the same are therefore denied. Except as admitted, the allegations of paragraph (37) are denied.

(38)    The allegations of paragraph (38) do not require a response.

(39)    The allegations of paragraph (39) are admitted on information and belief.

(40)    Denied.[3]

(41)    Denied.

(42)    Denied that 11 U.S.C. § 523(d) provides grounds for lifting the automatic stay in bankruptcy. The remaining allegations of paragraph (42) are denied.

---

[3]    *Perlow v. Perlow*, 128 B.R. 412, 416 (E.D.N.C. 1991) (explaining that bankruptcy courts may exercise jurisdiction to determine claims for equitable distribution based on a consideration of the totality of the circumstances of the case).

(43)    The allegations of paragraph (43) do not require a response.

(44)    The allegations of paragraph (44) are admitted on information and belief.

(45)    Admitted that under North Carolina law, the Debtor holds the only interest in the Real Property.  Admitted that under North Carolina law, the Debtor holds a half-ownership interest in the Boat.  To the extent that the allegations of paragraph (45) were intended to reference Dobson and not the Debtor, the allegations of paragraph (45) are denied.  Except as admitted, the allegations of paragraph (45) are denied.

(46)    The allegations of paragraph (46) do not require a response.

(47)    Admitted that the Debtor held joint title to the Boat prior to and as of the Petition Date.  Admitted that the Title to the Boat indicates that the Debtor and Dobson are joint owners of the Boat.  Admitted that there is no indication in the public record that Dobson asserts an interest in the Boat that is different from that set out in the Title.  Denied that the Boat constitutes Dobson's separate property.  Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph (47), and the same are therefore denied.  Except as admitted, the allegations of paragraph (47) are denied.

(48)    Admitted, on information and belief, that the Purchase Price of the Real Property was $352,000.00.  Admitted that Dobson alleges in the Defendant's Answer and the Counterclaim that he provided $305,000.00 of the Purchase Price.  Denied on information and belief that the Real Property was purchased solely with funds that were the separate property of Dobson.  Admitted that the Deed states that the Debtor is the sole owner of the Real Property.  Admitted that Dobson has been on notice at all times since June 25, 2015 that title to the Real Property is held in the Debtor's sole name.  Admitted that Dobson did not cause a *lis pendens* to be filed with respect to the Real Property before the Petition Date.  Plaintiff lacks knowledge or information

sufficient to form a belief as to the remaining allegations of paragraph (48), and the same are therefore denied. Except as admitted, the allegations of paragraph (48) are denied.

(49) Denied.

(50) Admitted that any right to equitable distribution that Dobson holds constitutes a claim against the Debtor's bankruptcy estate. Admitted further that Dobson has asserted causes of action for non-dischargeability as to any claims that he holds against the bankruptcy estate. Admitted that the Court has jurisdiction to determine the extent of the property of the Debtor's bankruptcy estate. The Plaintiff lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph (50), and the same are therefore denied. Except as admitted, the allegations of paragraph (50) are denied.

(51) Denied.

(52) The allegations of paragraph (52) do not require a response.

(51)[4] The allegations of paragraph (51) set forth conclusions of law to which no response is required.

(52)[5] The allegations of paragraph (52) set forth conclusions of law to which no response is required.

(53) Admitted, on information and belief, that a claim for equitable distribution as between Dobson and the Debtor was pending on the Petition Date. Plaintiff lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph (53), and the same are therefore denied. Except as admitted, the allegations of paragraph (53) are denied.

(54) Denied that Plaintiff had notice of any claims as between Dobson and the Debtor that may have existed as of the Petition Date. Denied that the Plaintiff had any actual or

---

[4] This second paragraph (51) is numbered as it appears in Defendant's Answer at the bottom of page 17.
[5] This second paragraph (52) is numbered as it appears in Defendant's Answer at the bottom of page 17.

9

constructive notice as of the Petition Date that Dobson alleged that the Real Property and the Boat were his separate property. Admitted that, as of the Petition Date, Dobson had not caused a *lis pendens* to be filed with the New Hanover County Register of Deeds as to any interest in the Real Property that he may have claimed in connection with the equitable distribution proceeding. Admitted that there is no indication in the public record that Dobson asserts an interest in the Boat that is different from that set out in the Title. Denied that the plain language of North Carolina's equitable distribution statutes creates a property interest as opposed to a right to equitable distribution in connection with a divorce. Plaintiff lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph (54), and the same are therefore denied. Except as admitted, the allegations of paragraph (54) are denied.

(55)    Admitted that Plaintiff should be authorized to sell the Real Property as an asset of the Debtor's bankruptcy estate. Admitted that Plaintiff should be authorized to sell the Boat and to remit to Dobson a portion of the net proceeds based on his half-interest to be determined by Court Order. Admitted that Dobson may file a proof of claim in the Debtor's bankruptcy case, the allowed amount and priority of which would be subject to objection and determination by the Court. Except as admitted, the allegations of paragraph (55) are denied.

(56)    Denied.

(57)    Denied.

WHEREFORE, Plaintiff having responded to the allegations asserted in Defendant's Answer and Counterclaim, prays that the Court will enter an Order:

1)    Declaring that Dobson does not hold a valid, enforceable interest in the Real Property;

2)  Authorizing the Plaintiff to liquidate the Boat, subject to Dobson's interest in the Boat, pursuant to 11 U.S.C. § 363(h) and to distribute the net proceeds of such sale pursuant to 11 U.S.C. § 363(j);

3)  Dismissing the Counterclaim; and

4)  Granting such further relief as may be just and proper.

This is the 15th day of October, 2019.

/s/ A. Cotten Wright
A. Cotten Wright (State Bar No. 28162)
Michael L. Martinez (State Bar No. 39885)
Grier Wright Martinez, PA
101 N. Tryon St., Suite 1240
Charlotte, NC  28246
Phone:  704.375.3720
Fax:  704.332.0215  Fax
cwright@grierlaw.com

*Attorneys for the Trustee*

**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division**

| | |
|---|---|
| **In re:** <br><br> **Linda M. Thunberg,** <br><br><br>                          **Debtor.** | **Case Number: 19-31049** <br><br> **Chapter 7** |
| **A. Cotten Wright,** <br> **Trustee for Linda M. Thunberg,** <br><br>                          **Plaintiff,** <br><br> **v.** <br><br> **Gary Brett Dobson,** <br><br>                          **Defendant.** | **Adversary Proceeding No. 19-03055** |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the *Plaintiff's Answer to Defendant's Counterclaim* was served on those parties who have requested service in this case through the Court's electronic noticing system and on those parties who are listed below, addressed as indicated, by U.S. mail, postage pre-paid:

| | |
|---|---|
| Kenneth Love <br> Karrenstein and Love, PLLC <br> 10590 Independence Pointe Pkwy <br> Suite 200 <br> Matthews, NC 28105 | Kimberly A. Sheek <br> The Law Office of Kimberly A. Sheek <br> 1931 J N Pease Pl, Suite 202 <br> P.O. Box 480740 <br> Charlotte, NC 28269 |

This is the 15th day of October, 2019.

>                     */s/ A. Cotten Wright*
>                     A. Cotten Wright
>                     Grier Wright Martinez, PA
>                     101 N Tryon St, Suite 1240
>                     Charlotte, NC 28246

1