# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

| | |
|---|---|
| **In re:** <br><br> **Linda M. Thunberg,** <br><br> **Debtor.** | **Case Number: 19-31049** <br><br> **Chapter 7** |
| **A. Cotten Wright,** <br> **Trustee for Linda M. Thunberg,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **Gary Brett Dobson,** <br><br> **Defendant.** | **Adversary Proceeding No. 19-03055** |

### PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM

A. Cotten Wright, the chapter 7 bankruptcy trustee for Linda M. Thunberg and plaintiff ("Plaintiff") in this adversary proceeding (the "AP"), by and through counsel, hereby brings this *Plaintiff's Motion to Dismiss Counterclaim* (this "Motion") relative to the counterclaim asserted by defendant Gary Brett Dobson ("Dobson") in his *Answer* filed on September 27, 2019 and in support, respectfully states as follows:

### PROCEDURAL BACKGROUND

1. The above-named debtor, Linda M. Thunberg (the "Debtor"), filed a voluntary petition for relief pursuant to chapter 7 of the Bankruptcy Code on July 31, 2019 (the "Petition Date"). Compl., ¶ 1; Ans. pg. 1, ¶ (1). The Debtor listed among her assets a 100% interest in real property located at 3213 Barlow Court, Wilmington, NC 28409 (the "Real Property"). Compl., ¶

1

2; Ans. pg. 1 ¶ (2). The Debtor also listed a one-half interest in a Sea Ray 280 (the "Boat") among her personal property. Compl. ¶ 2; Ans. pg. 1, ¶ (2).

2. Plaintiff, in her capacity as the duly appointed chapter 7 trustee for the Debtor, filed her Complaint against Dobson on September 12, 2019 asserting causes of action for a declaratory judgment and for the sale of property titled jointly with the Debtor and Dobson (the "Complaint") (AP DE 1).[1] Compl. ¶¶ 17-24, 35-44. A copy of the deed to the Real Property (the "Deed") was attached to the Complaint as Exhibit A. Compl. ¶ 9 & Ex. A; Ans. pg. 2, ¶ (9).

3. On September 27, 2019, Dobson filed his *Answer* ("Defendant's Answer") (AP DE 6), including in that pleading his Counterclaim Against Estate (the "Counterclaim").[2] On October 4, 2019, Dobson filed his *3rd Party Complaint* naming the Debtor as the defendant (AP DE 7).

4. On October 15, 2019, Plaintiff filed her *Plaintiff's Answer to Defendant's Counterclaim* in response to the Counterclaim asserted by Dobson (AP DE 11).

5. In the Counterclaim, Dobson argues that the Real Property and the Boat are not property of the Debtor's bankruptcy estate but rather Dobson's separate property. Ans., pg. 18, ¶ (56).

6. Dobson also argues, in what appears to be an alternative claim for relief, that if the Plaintiff is authorized to liquidate the Real Property and the Boat, he should have a priority claim for "the value of the property that would constitute what the state court would deem to be his separate property not reachable by the Bankruptcy Estate" and that he is "entitled to a judgment against the [Bankruptcy] Estate in the amount equal to the value of his separate property, if the Boat and Real [P]roperty are permitted to be sold by the Estate." *Id.* ¶ (55) & (57).

---

[1] As alternative relief, the Plaintiff requested authority to sell the real property titled solely to the Debtor subject to any interest that Dobson has alleged he holds. Compl. ¶¶ 25-34.

[2] The factual allegations relative to Dobson's Counterclaim appear at pages 7-14 of his Answer. Ans. ¶¶ (1)-(42). Dobson's Counterclaim appears at pages 17-18 of his Answer. Ans. ¶¶ (52)-(57).

2

### RELIEF REQUESTED

7. Through this Motion, the Plaintiff requests entry of an Order dismissing the Counterclaim for failure to state a claim for which relief may be granted.

### BASIS FOR RELIEF REQUESTED

8. This Motion is based on Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"), made applicable herein by application of Fed. Bankr. R. 7012, pursuant to which the Court may dismiss a claim for relief for failure to state a claim for which relief may be granted.

### ARGUMENT

A.  This Court May Exercise Jurisdiction to Determine the Claims in the Complaint.

9. As an initial matter, Dobson's argument that this Court lacks jurisdiction to determine the claims raised in the Complaint cannot be credited. *See* Ans. pg. 2, ¶ (7). As acknowledged in Defendant's Answer, the Debtor holds the recorded title to the Real Property, with the Deed evidencing a 100% interest, and a half-interest in Boat. Ans. pg. 2, ¶ (9). Determinations as to what assets reflect property of the Debtor's bankruptcy estate and what claims should be allowed against estate assets lie squarely within this Court's jurisdiction. 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b)(2)(A), (B) & (O). As explained in *In re Secrest*, 453 B.R. 623 (Bankr. E.D.Va. 2011), bankruptcy courts' have exercise exclusive jurisdiction over property of the estate, its liquidation, and the distribution of proceeds to creditors. 453 B.R. at 631.

10. Dobson alleges that by operation of N.C. Gen. Stat. § 50-20(b)(2), the Real Property and Boat are not property of the bankruptcy estate. Ans. pg. 14, ¶ (36). However, § 50-20(b)(2) does not create an interest in property but rather provides a means for implementing equitable distribution in connection with a divorce. *Lyerly v. Internal Revenue Service (In re Lyerly)*, 235 B.R. 401(W.D.N.C. 1998); *In re Linville,* 2005 WL 1289373 at *2 (Bankr. M.D.N.C. Feb. 1, 2005)

(explaining that a post-separation right to an equitable distribution does not create any vested rights in particular marital property); *Kroh v. Kroh*, 154 N.C.App. 198, 201, 571 S.E.2d 643, 645 (N.C.App. 2002) (holding that an equitable distribution claim does not reflect a property right in specific marital property). Therefore, notwithstanding Dobson's argument as to any rights he may have to equitable distribution, the Real Property and Boat constitute property of the Debtor's bankruptcy estate subject to this Court's jurisdiction.

      B.     <u>The Counterclaim Should be Dismissed</u>.

      11.     In the Counterclaim, Dobson acknowledges that a bankruptcy trustee stands in the shoes of a lien creditor and a bona fide purchaser for value pursuant to 11 U.S.C. § 544. Ans., pg. 17, ¶ (51). As such, the trustee may avoid a claim against the debtor's estate if a judgment creditor or bona fide purchaser would have defeated that claim outside of bankruptcy. § 544(a)(1) & (a)(3).

      12.     A bona fide purchaser is one who takes without notice of a prior conveyance. *See In re Boardwalk Dev. Co., Inc*., 72 B.R. 152, 155 (Bankr. E.D.N.C. 1987). Therefore, "[t]he law contemplates that a purchaser of land will examine each recorded deed and other instrument in the chain of title and charges him with notice of every fact affecting his title which an accurate examination of the title would disclose." *Hensley v. Ramsey*, 283 N.C. 714, 730, 199 S.E.2d 1 (N.C.1973). The requirement to review the chain of title extends to a review of every document in that chain. *In re Gallo*, 539 B.R. 88, 94 (Bankr. E.D.N.C. 2015). The filing of a *lis pendens* provides constructive notice to a purchaser of pending litigation that may affect title to the property at issue. *Hill v. Pinelawn Memorial Park, Inc*., 304 N.C. 159, 165, 282 S.E.2d 779, 783 (N.C. 1981).

      13.     In the Counterclaim, Dobson argues that the fact that an equitable distribution claim had been asserted in state court before the Petition Date provided the Plaintiff with notice of his

alleged interest in the Real Property and the Boat. Ans. pgs. 17-18, ¶¶ (53)-(54). Dobson does not assert that he filed a *lis pend*ens to alert third parties of his pending equitable distribution claim. *See id*.

14. Notice of any transfers, conveyances, any liens must be recorded in the land records in order to put a bankruptcy trustee on notice. *See In re Faison*, 518 B.R. 849, 855-856 (Bankr. E.D.N.C. 2014) (explaining that for purposes of § 544, the inquiry is whether the chain of title would alert a purchaser of any prior encumbrances or interests in the property or state court actions that would affect the title to the property). The failure to perfect an interest in real property by filing a *lis pendens* or to obtain an execution lien before the debtor's petition date cuts off the claimant's right to equitable distribution as to specific property post-bankruptcy. *Perlow v. Perlow*, 128 B.R. 412, 415 (E.D.N.C. 1991) (explaining that the claimant's right to marital property was not perfected because a *lis pendens* was not filed, thus there was no notice to the trustee of the pre-petition divorce proceeding).

15. Section 50-20 of the North Carolina General Statutes recognizes the principle of notice in the chain of title by requiring that either spouse who claims that real property is marital property to file a notice of *lis pendens* to be recorded or else risk that a third party whose conveyance or encumbrance is recorded before *lis pendens* is filed will take the property free of that spouse's interest. § 50-20(h).

16. Lacking the notice that would have been provided had Dobson filed a *lis pendens*, Plaintiff possesses the strong-arm powers provided in § 544 as a bona fide purchaser for value without notice. § 544(a)(3).

17. Likewise, Dobson does not allege that he provided notice of his alleged interest in a notation on the title to the Boat. *See* Ans. pgs. 17-18, ¶¶ (53)-(54). Accordingly, the Plaintiff

5

possesses the strong-arm powers provided in § 544(a)(1) of a judgment lien creditor and can avoid any exclusive, separate interest that Dobson may claim in the Boat. § 544(a)(1).

18.  In sum, although Dobson filed a claim in state court for equitable distribution before the Debtor's Petition Date (Ans. pgs. 17-18, ¶ (53)), he failed to file any notice of that claim in the public record so as to put third parties, such as Plaintiff, on notice that he claimed a superior interest in the Real Property and the Boat. Accordingly, his rights in the Real Property and the Debtor's share of the Boat were cut off on the Petition Date. *Perlow*, 128 B.R. at 415. Those interests are avoidable by Plaintiff pursuant to § 544(a)(1)&(3).

19.  Finally, to the extent that the Counterclaim reflects a request that Dobson be granted an allowed priority claim in the Debtor's case, that request is procedurally improper. 11 U.S.C. § 502(a) (regarding filed proofs of claim); 11 U.S.C. § 507 (defining priority claims); Fed. R. Bankr. P. 3002(a) (outlining the rule for filing proofs of claim); Fed. R. Bankr. P. 3007 (setting out the rules for objections to claims). Accordingly, that relief is unavailable to Dobson through this AP.

20.  For these reasons, the Counterclaim must be dismissed for failure to assert a claim for which relief may be granted pursuant to Rule 12(b)(6).

WHEREFORE, the Plaintiff prays that the Court will enter an Order dismissing the Counterclaim and granting such further relief as is just and proper.

This is the 15th day of October, 2019.

> */s/ A. Cotten Wright*
> A. Cotten Wright (State Bar No. 28162)
> Michael L. Martinez (State Bar No. 39885)
> Grier Wright Martinez, PA
> 101 N. Tryon St., Suite 1240
> Charlotte, NC  28246
> Phone:  704.375.3720;
> Fax:  704.332.0215
> cwright@grierlaw.com
> *Attorneys for the Trustee*

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

| | |
|---|---|
| In re:<br><br>**Linda M. Thunberg,**<br><br>                            **Debtor.** | Case Number: 19-31049<br><br>Chapter 7 |
| **A. Cotten Wright,**<br>**Trustee for Linda M. Thunberg,**<br><br>                            **Plaintiff,**<br><br>v.<br><br>**Gary Brett Dobson,**<br><br>                            **Defendant.** | Adversary Proceeding No. 19-03055 |

## NOTICE OF HEARING

You are hereby notified that, on **November 25, 2019 at 9:30 A.M.** in Bankruptcy Courtroom 1-4 at 401 W Trade Street, Charlotte, North Carolina, the Court will conduct a hearing on the *Plaintiff's Motion to Dismiss Counterclaim* (the "Motion") filed in this adversary proceeding. You may obtain a copy of the Motion from the Court's website at www.ncwb.uscourts.gov or by contacting the undersigned.

YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. (IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.) IF YOU DO NOT WANT THE COURT TO GRANT THE RELIEF REQUESTED IN THE MOTION, OR IF YOU WANT THE COURT TO CONSIDER YOUR VIEWS ON THE MOTION, THEN YOU OR YOUR ATTORNEY SHOULD ATTEND THE HEARING AT 9:30 A.M. ON NOVEMBER 25, 2019 IN BANKRUPTCY COURTROOM 1-4 AT 401 W. TRADE STREET, CHARLOTTE, NC.

IF YOU OR YOUR ATTORNEY DO NOT TAKE THESE STEPS, THE COURT MAY DECIDE THAT YOU DO NOT OPPOSE THE RELIEF REQUESTED IN THE MOTION AND MAY ENTER AN ORDER GRANTING THE RELIEF.

No further notice will be given.

This is the 15th day of October, 2019.

>  */s/ A. Cotten Wright*
>  A. Cotten Wright (State Bar No. 28162)
>  Michael L. Martinez (State Bar No. 39885)
>  Abigail W. Henderson (State Bar No. 52182)
>  Grier Wright Martinez, PA
>  101 N. Tryon St., Suite 1240
>  Charlotte, NC  28246
>  Phone:  704.375.3720
>  Fax:  704.332.0215  Fax
>  cwright@grierlaw.com
>
>  *Attorneys for the Trustee*

2

**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division**

| | |
|---|---|
| **In re:**<br><br>**Linda M. Thunberg,**<br><br>　　　　　　　　　　　　**Debtor.** | **Case Number: 19-31049**<br><br>**Chapter 7** |
| **A. Cotten Wright,**<br>**Trustee for Linda M. Thunberg,**<br><br>　　　　　　　　　　　　**Plaintiff,**<br><br>**v.**<br><br>**Gary Brett Dobson,**<br><br>　　　　　　　　　　　　**Defendant.** | **Adversary Proceeding No. 19-03055** |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that copies of the *Plaintiff's Motion to Dismiss Counterclaim* and *Notice of Hearing* were served on those parties who have requested service in this case through the Court's electronic noticing system and on those parties who are listed below, addressed as indicated, by U.S. mail, postage pre-paid:

Kenneth Love
Karrenstein and Love, PLLC
10590 Independence Pointe Pkwy
Suite 200
Matthews, NC 28105

Kimberly A. Sheek
The Law Office of Kimberly A. Sheek
1931 J N Pease Pl, Suite 202
P.O. Box 480740
Charlotte, NC 28269

This is the 15th day of October, 2019.

　　　　　　　　　　　　　　　　　　*/s/ A. Cotten Wright*
　　　　　　　　　　　　　　　　　　A. Cotten Wright
　　　　　　　　　　　　　　　　　　Grier Wright Martinez, PA
　　　　　　　　　　　　　　　　　　101 N Tryon St, Suite 1240
　　　　　　　　　　　　　　　　　　Charlotte, NC

1